FILED
2017 Jul-18 PM 01:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JORDAN BOCAGE**, ) <br> **SHEILA GARRETT**, and ) <br> **JOEL KELLY**, ) <br> individually, on behalf of themselves, and on ) <br> behalf of a class of similarly situated individuals, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> **ACTON CORPORATION**, an Alabama Corp., ) <br> **IM RECORDS, INC.**, a Massachusetts Corp., ) <br> **PRO IMPACT PHYSICAL THERAPY &** ) <br> **SPORTS PERFORMANCE, LLC,** an Alabama ) <br> Limited Liability Company, and ) <br> **MED-SOUTH, INC.,** an Alabama Corp., ) <br>  ) <br> Defendants. ) | CASE NO. <br><br> **CLASS ACTION COMPLAINT** |

## COMPLAINT

**I.  SUMMARY**

1. This case is brought on behalf of the named Plaintiffs, Joel Kelly, Sheila Garrett, and Jordan Bocage, and the members of the putative class of similarly situated individuals they represent (the "Class") to seek reimbursement of search and/or retrieval fees charged by the named Defendants, Acton Corporation, IM Records, Inc., Pro Impact Physical Therapy & Sports Performance, LLC, and Med-South, Inc., which are medical record retrieval companies, and therefore "covered entities," in direct contravention to Federal laws codified at 45 C.F.R. § 164.524(c)(4).  Plaintiffs seek damages under their Alabama state law claims of Unjust

1

Enrichment, Negligent Misrepresentation, and Fraudulent Misrepresentation, Breach of Implied Contract, Conversion and further seek Declaratory Relief and Injunctive Relief. Said claims are exclusively based in state law, and the jurisdiction of this Court is invoked solely on the basis of the Class Action Fairness Act, as codified at 28 U.S.C. § 1332(d)(2).

## II.     PARTIES

2.      Plaintiff Joel Kelly is an individual over the age of nineteen (19) years old, is a resident of Montgomery County, Alabama, and is a citizen of Alabama.

3.      Plaintiff Sheila Garrett is an individual over the age of nineteen (19) years old, is a resident of Jefferson County, Alabama, and is a citizen of Alabama.

4.      Plaintiff Jordan Bocage is over the age of nineteen (19) years old, is a resident of Jefferson County, Alabama, and is a citizen of Alabama.

5.      Defendant Acton Corporation (hereinafter "Acton") is an Alabama corporation, with its principal headquarters in Shelby County, Alabama.  Defendant Acton is a covered entity pursuant to 45 C.F.R. § 160.103.

6.      Defendant IM Records, Inc. (hereinafter "IM Records") is a Massachusetts corporation, with its principal headquarters in Boston, Massachusetts. Defendant IM Records is a covered entity pursuant to 45 C.F.R. § 160.103.

7.      Defendant Pro Impact Physical Therapy & Sports Performance, LLC (hereinafter "Pro Impact") is an Alabama limited liability company, with its principal headquarters in Montgomery, Alabama. Defendant Pro Impact is a covered entity pursuant to 45 C.F.R. § 160.103.

8. Defendant Med-South, Inc. is an Alabama corporation, with its principal headquarters in Jasper, Alabama. Defendant Med-South, Inc. is a covered entity pursuant to 45 C.F.R. § 160.103.

### III.   JURISDICTION

9. The jurisdiction of this Court is invoked pursuant to the Class Action Fairness Act ("CAFA"), as codified in 28 U.S.C. § 1332(d)(2), based on diversity of citizenship between the named Plaintiffs as representative members of the putative Class and one (1) or more primary Defendants.

10. The Plaintiffs do not rely on federal question jurisdiction, but rely upon CAFA's diversity jurisdiction provisions, in bringing their state law claims in this Court.

11. The named class representatives of the putative Class are resident citizens of Alabama.

12. Upon information and belief, individual members of the putative Class are resident citizens of various states in addition to Alabama.

13. Defendant Acton is an Alabama corporation.

14. Defendant IMR is a Massachusetts corporation.

15. Defendant Pro Impact is an Alabama limited liability company.

16. Defendant Med-South is an Alabama corporation. Collectively, Acton, IMR, Pro Impact, and Med-South are the "Defendants".

17. Plaintiffs, on behalf of the putative Class, claim damages in excess of the jurisdictional minimum of five million dollars ($5,000,000.00), exclusive of interest and costs, plus treble damages for Defendants' fraudulent actions.

18. Defendants charge a five dollar ($5.00) search and retrieval fee on each medical records request received, and have done so since 45 C.F.R. § 164.524(c)(4) was enacted in 2009.

19. Upon information and belief, Defendants each receive and process thousands, and in the aggregate receive and process tens of thousands, of medical record requests every month, and have done so since the applicable provisions of 45 C.F.R. § 164.524(c)(4) were enacted in 2009, thus totaling over one million (1,000,000) search and retrieval fees charged and accepted since 45 C.F.R. § 164.524(c)(4) was enacted in 2009.

### IV. BACKGROUND

#### A. FEDERAL STATUTORY SCHEME

20. A patient has the "right to obtain from such covered entity a copy of [their protected health information] in an electronic format[.]" *See* 42 U.S.C. § 17935(e).

21. A "covered entity" is defined as: "(1) A health plan[;] (2) A health care clearinghouse[; or] (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter." *See* 45 C.F.R. § 160.103.

22. Pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") Privacy Rule, if an individual requests a copy of their protected health information ("PHI") or agrees to a summary or explanation of such information, the covered entity may impose a reasonable, cost-based fee, provided that the fee includes only the cost of: (1) labor for copying the PHI; (2) supplies for creating a paper or electronic copy of the PHI; (3) postage, when the individual requests that a copy or summary of the PHI be mailed; and/or (4) preparing an explanation or summary of the PHI, if agreed to by the individual. *See* 45 CFR §164.524(c)(4).

23. The Health Information Technology for Economic and Clinical Health Act ("HITECH"), *see* 42 U.S.C. § 17935(e)(1), and its implementing regulations, *see* 45 C.F.R. § 164.524(c)(4) provide a monetary impetus for medical services providers to convert to electronic health records ("EMR" or "EMRs"). Yet, due to increased concerns about PHI, additional enforcement and sanctions provisions to those provided by HIPAA where implemented through HITECH.

24. With respect to providing a copy (or summary or explanation) of medical records and/or PHI in electronic form, ***HITECH provides that a covered entity may not charge more than its labor costs in responding to the request for the copy***.

25. On January 25, 2013, the Department of Health and Human Services (hereinafter "HHS") published amendments to the privacy, security, enforcement and breach notification regulations that implement HIPAA, and the revisions required by HITECH and the Genetic Information Nondiscrimination Act (GINA). 78 Fed. Reg. 5566 (Jan. 2013)(amending 45 C.F.R. Parts 160 and 164). These amendments are referred to collectively as the Omnibus Rule.

26. The Omnibus Rule (1) gives individuals the right to obtain a copy of their health information in the "form and format" they wish, as long as that form and format is "readily producible" by the covered entity (hereinafter "CE"); (2) Individuals must be able to request an electronic copy of their health information maintained in an electronic format[2]; (3) Individual can direct a CE to transmit directly to an individual's designee (third party); and most importantly for purposes of this Complaint, (4) ***fees for electronic copies cannot include costs associated with searching for or retrieving the requested information***. 78 Fed. Reg. 5566, 5636. As elucidated by the United States Department of Health and Human Services, "[t]he fee

may not include costs associated with verification; documentation; searching for and retrieving the PHI; maintaining systems; recouping capital for data access, storage, or infrastructure; or other costs not listed above even if such costs are authorized by State law"." 45 CFR 164.524(c)(4).

27. Under the Final HIPAA Privacy Rule issued on December 28, 2000, HHS maintained that concerning 45 C.F.R. §164.524(c)(4)(i) labor costs of copying may **not** include the costs associated with searching for and retrieving the requested information. Fees associated with maintaining systems and recouping capital for data access, storage, and infrastructure are not considered reasonable, cost-based fees, and are not permissible to include under HITECH. Accordingly, covered entities, including Defendants, cannot charge a retrieval fee for electronic or paper medical records.

28. The Final Rule also "adopts the proposed amendment § 164.524(c)(3) to expressly provide that, if requested by an individual, a covered entity must transmit the copy of protected health information directly to another person designated by the individual." Federal Register, January 25, 2013, Vol. 78, No. 17, Page 5634. In other words, the same rules apply to medical records requested by counsel on behalf of a client.

    **B.**    **ALABAMA STATUTORY SCHEME PREEMPTED**

29. 12-21-6.1 of the Alabama Code provides as follows:

> (b)(1) Notwithstanding any other provision of law, any person required to release copies of medical records may condition the release upon payment by the requesting party of the reasonable costs of reproducing the medical records.
>
> (2) The reasonable costs of reproducing copies of written or typed documents, or reports shall not be more than one dollar ($1) for each page of the first 25 pages, not more than 50 cents ($.50) for each page in excess of 25 pages, and a search fee of five dollars ($5). If the medical records

    are mailed to the person making the request, reasonable costs shall include
    the actual costs of mailing the medical records.

  30.  When a state statute, administrative rule, or common-law cause of action conflicts with a federal statute, it is axiomatic that the state law is without effect." *Coggin v. Longview Indep. Sch. Dist.*, 289 F.3d 326, 336 n.50 (5th Cir. 2002). In light of the federal regulatory scheme set forth above, the search and retrieval fee as set forth in Ala. Code § 12-21-6.1 is preempted by virtue of the Supremacy Clause of the Constitution. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96 n.14, (1983); *Lucia v. Teledyne Cont'l Motors*, 173 F. Supp. 2d 1253, 1267 (S.D. Ala. 2001).

  **V.**  **PLAINTIFFS' FACTS**

  31.  Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or HIPAA from Defendant Acton. Defendant Acton charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 468945 dated February 26, 2014. Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Acton charged him.

  32.  Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or HIPAA from Defendant Acton. Defendant Acton charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 464872 dated January 7, 2014. Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Acton charged him.

  33.  Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or HIPAA from Defendant Acton. Defendant Acton charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 464873 dated January 7, 2014. Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Acton charged him.

34.     Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or HIPAA from Defendant Acton. Defendant Acton charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 460758 dated November 13, 2013.  Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Acton charged him.

35.     Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or HIPAA from Defendant Acton. Defendant Acton charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 460188 dated November 6, 2013. Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Acton charged him.

36.     Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or HIPAA from Defendant Acton.  Defendant Acton charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 454024 dated September 5, 2013. Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Acton charged him.

37.     Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or and HIPAA from Defendant Pro Impact.  Defendant Pro Impact charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 1 dated February 27, 2014.  Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Pro Impact charged him.

38.     Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or and HIPAA from Defendant Pro Impact.  Defendant Pro Impact charged Plaintiff Kelly a $5.00 "retrieval fee" through its invoice numbered 1 dated November 13, 2013.  Plaintiff Kelly paid this $5.00 retrieval fee that Defendant Pro Impact charged him.

39.     Plaintiff Joel Kelly requested his medical records pursuant to HITECH and/or and

HIPAA from Defendant Med-South.  Defendant Med-South charged Plaintiff Kelly a $5.00 "search fee" through its invoice number 602/44677, which was not dated but received on or about Feburary 25, 2014.  Plaintiff Kelly paid this $5.00 search fee that Defendant Med-South charged him.

40. Plaintiff Sheila Garrett requested her medical records pursuant to HITECH and/or HIPAA from Defendant Acton. Defendant Acton charged Plaintiff Garrett a $5.00 "retrieval fee" through its invoice numbered 548224 dated March 24, 2016. Plaintiff's Garrett paid this $5.00 retrieval fee that Defendant Acton charged her.

41. Plaintiff Sheila Garrett requested her medical records pursuant to HITECH and/or HIPAA from Defendant Med-South, Inc.  Defendant Med-South charged Plaintiff Garrett a $5.00 "search fee" through its invoice number 602-62804, which was not dated but received on or about March 31, 3016. Plaintiff Garrett paid this $5.00 search fee that Defendant Med-South charged her.

42. Plaintiff Jordan Bocage requested her medical records pursuant to HITECH and/or HIPAA from Defendant IMR.  Defendant IMR charged Plaintiff Bocage a $5.00 "search and retrieval fee" through its invoice numbered IRM17209911 dated June 6, 2016.  Plaintiff Bocage paid this $5.00 search and retrieval fee that Defendant IMR charged her.

43. Plaintiff Jordan Bocage requested her medical records pursuant to HITECH and/or HIPAA from Defendant IMR.  Defendant IMR charged Plaintiff Bocage a $5.00 "search and retrieval fee" through its invoice numbered IRM17251899 dated June 16, 2017.  Plaintiff Bocage paid this $5.00 search and retrieval fee that Defendant IMR charged her.

**CLASS ALLEGATION**

44. The Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

45. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of themselves and a Class of similarly situated individuals, defined as follows:

> Any and all individuals who were assessed a "retrieval" or "search fee" from 2013 to the present from Defendants for the procurement and/or purchase of the personal health information.

46. The members of the putative Class are so numerous that joinder of all members is impracticable.

47. The members of the putative Class are ascertainable by an administratively feasible method.

48. As of this time, the exact number of members of the putative Class is unknown but, upon information and belief, there would be more than one thousand class members.

49. The Plaintiffs' treatment by the Defendants is typical of the members of the putative Class. Specifically, the Plaintiffs were required and/or compelled to pay a search and/or retrieval fees by the Defendants to receive their PHI.

50. The Plaintiffs will fairly and adequately protect the interests of the Class and has retained counsel who are competent and experienced in class litigation. The Plaintiffs have no interests that are adverse or antagonistic to the putative Class as a whole.

51. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the actual damages suffered by members of the putative Class may be relatively small (namely $5.00 per occurrence), the expense and burden of

individual litigation makes it virtually impossible for the members of the putative Class to seek redress individually for the wrongful conduct alleged.

52. Common questions of law or fact exist as to all members of the putative Class, and predominate over any questions that only affect individual members of the putative Class. Among the questions of law or fact common to the putative Class are:

   A. Whether Defendants were and are negligent in assessing a search fee?

   B. Whether Defendants were and are negligent in assessing a retrieval fee?

   C. Whether Class members were required to pay such search and retrieval fees to receive their PHI?

   D. Whether the Ala. Code § 12-21-6.1(b)(2), which allows medical providers, companies, or other legal entities that maintain medical records to charge a search and retrieval fee is preempted by 45 C.F.R. § 164.524(c)(4) and is therefore unconstitutional.

   E. Whether the Defendants negligently misrepresented to Plaintiffs that they were required to pay a search and/or retrieval fees in order to obtain their PHI?

   F. Whether the Defendants fraudulently misrepresented that Plaintiffs were required to pay a search and/or retrieval fee in order to obtain their PHI?

   G. Whether the Defendants have been unjustly enriched by the collection of the search and/or retrieval fees since the enactment of 45 C.F.R. § 164.524(c)(4).

53. The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a Class Action.

54. Notice can be provided to the members of the putative Class via United States mail, first class; notice by publication; notice via email; or other appropriate means as may be directed by the Court.

## COUNTS

55. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

56. The United States Supreme Court has held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim" arising under federal law. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 807, 92. L. Ed. 2d 650 (1986). In the present matter, Plaintiffs do not seek to advance a non-existent private cause of action, but rather seeks to invoke this Court's jurisdiction pursuant to CAFA to address Plaintiffs' significant state law claims.

## COUNT I
## UNJUST ENRICHMENT

57. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

58. Defendants wrongfully, negligently, and illegally collected and maintained fees for "search" and "retrieval" from Plaintiffs and members of the putative class.

59. According to information and belief, Defendants have realized millions of dollars from said wrongful conduct.

60. Defendants have been unjustly enriched by charging and accepting these fees in direct violation of implied contracts with Plaintiffs and members of the putative class created by obligations under Federal law as codified at 45 C.F.R. § 164.524(c)(4).

## COUNT II
## NEGLIGENT MISREPRESENTATION

61. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

62. Defendants made and make the negligent misrepresentation to the Plaintiffs and members of the putative Class that they were and are required to remit payment for "search" and/or "retrieval" fees to receive PHI to which Plaintiffs and the putative class members were entitled.

63. Plaintiffs paid said fees believing that it was necessary to

Defendants negligently collected "search" or "retrieval" fees from Plaintiffs and from third parties acting on Plaintiffs' behalf to obtain the PHI to which Plaintiffs were entitled, when Defendants should have known that such fees were prohibited.

64. As a result of this negligent misrepresentation regarding the necessity of paying search or retrieval fees to receive PHI to which Plaintiffs were and are entitled, Plaintiffs and the putative Class members have suffered significant economic injury.

## COUNT III
## FRAUDULENT MISREPRESENTATION

65. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

66. Defendants made and continue to make fraudulent representations to the Plaintiffs and the members of the putative Class that they were and are required to remit payment for "search" and/or "retrieval" fees to receive PHI to which Plaintiffs and the putative Class members were entitled, despite being aware that federal law prohibits the assessment of said fees.

67. Defendants fraudulently collected "search" or "retrieval" fees from Plaintiffs, the putative Class, and from third parties acting on Plaintiffs' behalf and on behalf of the putative Class to obtain the electronic medical records to which Plaintiffs are entitled.

68. As a result of such fraudulent collection of said search or retrieval fees, Plaintiffs and putative class members have suffered significant economic injury.

## COUNT IV
## BREACH OF IMPLIED CONTRACT

69. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

70. Defendants wrongfully, negligently, and illegally collected and maintained fees for "search" and "retrieval" from Plaintiffs and members of the putative Class.

71. Defendants had contracts with Plaintiffs and members of the putative Class implied by federal law as codified at 45 C.F.R. § 164.524(c)(4) to provide them with their PHI without charging them a fee for "search" and "retrieval" of said PHI.

72. Defendants breached said contract by charging the Plaintiffs and members of the putative Class a "search" and "retrieval" fee in order to receive their PHI in direct violation of the terms of this implied contract.

73. According to information and belief, Defendants have realized millions of dollars from said breach.

## COUNT V
## CONVERSION

74. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

75. Defendants wrongfully, negligently, and illegally collected and maintained fees for "search" and "retrieval" from Plaintiffs and members of the putative Class.

76. Defendants converted the property of the Plaintiffs and members of the putative Class by charging them a "search" and "retrieval" fee in order to receive their PHI in direct violation of federal law as codified at 45 C.F.R. § 164.524(c)(4).

77. According to information and belief, Defendants have realized millions of dollars from said wrongful and illegal conduct.

## COUNT VI
## DECLARATORY RELIEF

78. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

79. Defendants have engaged in the wrongful and illegal practice of collecting search or retrieval fees when providing PHI to which Plaintiffs are entitled in violation of preemption principles and state and federal law.

80. There is a substantial and continuing controversy between Defendants and Plaintiffs, and all others similarly situated, and accordingly a declaration of rights is both

necessary and appropriate as to whether or not the assessment of such fees violates federal and state law.

## COUNT VII
## INJUNCTIVE RELIEF

81. Plaintiffs adopt and incorporate by reference each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

82. Defendants have engaged in the wrongful and illegal practice of collecting search or retrieval fees when providing PHI to which Plaintiffs are entitled.

83. Plaintiffs hereby respectfully request injunctive relief.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully pray that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A.  Certify this matter as a proper class action maintainable under Fed. R. Civ. P. 23;

B.  Declare that the Defendants' practice of assessing a fee for search and/or retrieval is in violation of Alabama and federal law;

C.  Award damages to the Plaintiffs and putative Class members;

D.  Award costs to the Plaintiffs and putative Class members, including reasonable attorneys' fees;

E.  Issue a permanent injunction enjoining the Defendants from assessing search and retrieval fees; and

F.  Award to the Plaintiffs and the putative Class members such other, further, and more general relief, as the Court may deem appropriate under these circumstances.

## JURY DEMAND

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

Respectfully submitted this the 18th day of July, 2017.

/s/Diandra S. Debrosse-Zimmermann
Diandra S. Debrosse-Zimmermann
ASB-2956-N76D

**OF COUNSEL:**
**ZARZAUR MUJUMDAR & DEBROSSE - TRIAL LAWYERS**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
E: fuli@zarzaur.com

/s/Cameron Hogan
Cameron Hogan
ASB-1326-N74H

**OF COUNSEL:**
**HOGAN & LLOYD**
2871 Acton Rd, Ste 201
Birmingham, Alabama 35243
T: 205-969-6235
F: 205-969-6239
E: clhogan@lloydhoganlaw.com

**SERVE BY CERTIFIED MAIL**

Acton Corporation
c/o James B Acton, Jr.
Registered Agent
335 Liberty Ridge Rd
Chelsea, AL 35043

IM Records, Inc.
℅ Corporation Service Company, Inc.
Registered Agent
641 South Lawrence Street
Montgomery, AL 36104

Pro Impact Physical Therapy & Sports Performance, LLC
℅ Michael Ellis
Registered Agent
7017 Wynlakes Blvd.
Montgomery, AL 36117

Med-South, Inc.
℅ Patrick Willingham
Registered Agent
406 Medical Center Dr.
Jasper, AL 35501

/s/Diandra S. Debrosse-Zimmermann
Diandra S. Debrosse-Zimmermann

---

[1] As defined in 45 C.F.R. §164.402.
[2] §164.524(c)(4)(ii)-provides separately for the costs of supplies for creating the paper copy or electronic media. §164.524(c)(4)(iii) provides that a covered entity can charge for postage for electronic copies if the individual requests that the covered entity transmit portable media containing an electronic copy through mail.

[3] The Office for Civil Rights ("OCR") in the the Department of Health and Human Services ("HHS") interprets the Privacy Rule and it is OCR's responsibility to enforce the HIPAA Privacy Rule. In enforcing the the Privacy Rule, OCR specifically stated that the fee may not include cost associated with searching for and retrieving the requested information.

[4] https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/