# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JORDAN BOCAGE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:17-cv-1201-RDP** |
| **ACTON CORPORATION, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS

COMES NOW Defendant **Acton Corporation** ("Acton") and, pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss this purported class action in its entirety. In support of its motion, Acton states as follows:

## FACTUAL SUMMARY

Plaintiffs Jordan Bocage, Sheila Garrett, and Joel Kelly (individually and on behalf of a purported class of individuals) initiated this action on July 18, 2017, alleging that they requested copies of their medical records from Defendants at various times and were charged improper fees for the record production. (Doc. 1). However, only Plaintiffs Garrett and Kelly allege to have requested records from Acton. (Doc. 1 at ¶¶ 31-36, 40).

Kelly claims to have requested records from Acton pursuant to six different

1

requests, a copy of each is attached to this motion. (Doc. 1 at ¶¶ 31-36; Declaration of Kristen Acton, attached as "Exhibit A," at ¶ 5, Ex. 3). Each request was made by Lloyd & Hogan, P.C., which purported to represent Kelly, and each was accompanied by a HIPAA-Compliant PHI Release Form executed by Kelly. (Ex. A at ¶ 5, Ex. 3). Lloyd & Hogan was charged a fee for each production, consisting of a retrieval fee, a per-page charge, and postage. (Ex. A at ¶ 6, Ex. 4).

Garrett alleges to have requested records from Acton on or about March 24, 2016. A copy of that request is attached to this motion. (Doc. 1 at ¶ 40; Ex. A at ¶ 3, Ex. 1). The request was made by Lloyd & Hogan, which purported to represent Garrett, and it was accompanied by a HIPAA-Compliant PHI Release Form executed by Garrett. (Ex. A at ¶ 3, Ex. 1). Lloyd & Hogan was charged a fee for the production, consisting of a retrieval fee, a per-page charge, and postage. (Ex. A at ¶ 4, Ex. 2).

## ARGUMENT

"To survive a motion to dismiss [under Fed. R. Civ. P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). It similarly "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79.

The Supreme Court has identified two working principles for courts to follow in ruling on motions to dismiss. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "But where

the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (quoting Fed R. Civ. P. 8(a)(2)).

Plaintiffs have asserted seven claims against Defendants: Unjust Enrichment, Negligent Misrepresentation, Fraudulent Misrepresentation, Breach of Implied Contract, Conversion, Declaratory Relief, and Injunctive Relief. As described below, all seven claims are legally insufficient and should be dismissed because medical record requests by attorneys are not subject to the fee restrictions imposed by HIPAA and HITECH, rendering each claim meritless. Additionally, Plaintiffs' misrepresentation claims must be dismissed because Acton never made any actionable representations to Plaintiffs, and Plaintiffs have not plausibly alleged their reliance on any such representations.

## I. ACTON'S CHARGES FOR THE ALLEGED RECORD REQUESTS DID NOT VIOLATE ANY FEDERAL RESTRICTIONS

### A. HIPAA and HITECH restrictions on charges for medical records only apply to individuals requesting their own records, not requests by attorneys.

Production of medical records is generally governed by state law. Pursuant to Ala. Code § 12-21-6.1(b), a provider of medical records may charge a $5 search fee, a per-page charge, and postage for releasing copies of medical records. However, two federal laws, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Health Information Technology for Economic and Clinical

4

Health Act ("HITECH"), impose additional restrictions on fees for medical record production in certain situations. But importantly, the federal fee restrictions apply only when individuals (or an individual's personal representative) request their own medical records, not when an attorney requests medical records on behalf of a client.

Under HITECH, an **individual** has a right to obtain electronic health records from a covered entity, and the fee imposed by the entity is limited to its labor costs to respond to the request. 42 U.S.C. § 17935(e). Likewise, under HIPAA, an individual has a right to obtain "protected health information **about the individual**," and the record provider "may impose a reasonable, cost-based fee" for the production. 45 C.F.R. § 164.524(a), (c)(4). "Individual" is defined as "the person who is the subject of the protected health information." 45 C.F.R. § 160.103. Additionally, while record providers must "treat a personal representative as the individual," 45 C.F.R. § 164.502(g)(1), only "a person [who] has authority to act on behalf of an individual who is an adult or an emancipated minor in making decisions related to health care" is considered a personal representative. 45 C.F.R. § 164.502(g)(2).

The Department of Health and Human Services has, through both formal regulations and informal guidance, made abundantly clear that the HIPAA and HITECH fee limitations do not apply to requests by attorneys for medical record production. In response to a commenter's concern "that others seeking copies of all

5

or part of the medical record, such as payers, attorneys, or entities that have the individual's authorization, would try to claim the limited copying fees provided in § 164.524(c)(4)," HHS "clarifie[d] that the Rule, at § 164.524(c)(4), limits only the fees that may be charged to individuals, or to their personal representatives in accordance with § 164.502(g), when the request is to obtain a copy of protected health information about the individual in accordance with the right of access. The fee limitations in § 164.524(c)(4) do not apply to any other permissible disclosures by the covered entity, including . . . disclosures that are based on an individual's authorization . . . ." 67 Fed. Reg. 53182, 53254 (Aug. 14, 2002).

Further, HHS has explicitly clarified that record requests made by an individual's attorney do not fall under the federal fee restrictions, stating:

> [T]hird parties often will directly request PHI from a covered entity and submit a written HIPAA authorization from the individual (or rely on another permission in the Privacy Rule) for that disclosure.  Where the third party is initiating a request for PHI on its own behalf, with the individual's HIPAA authorization (or pursuant to another permissible disclosure provision in the Privacy Rule), the access fee limitations do not apply.

*Individuals' Right under HIPAA to Access their Health Information 45 CFR § 164.524*, U.S. Dep't of Health & Human Servs. (last visited October 18, 2017), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html.

While this issue has not been frequently litigated, other courts have found that attorney requests are not subject to the federal fee restrictions. In *Webb v. Smart*

*Document Solutions, LLC*, 499 F.3d 1078 (9th Cir. 2007), the Ninth Circuit examined the HIPAA regulations and held that "designated agents, such as personal attorneys, [do not] count as the 'individual' in order to obtain the reasonable, cost-based fee." *Id.* at 1084. The court emphasized that HHS considered including legal representatives within the definition of "individual," but "'[i]n the final rule, [DHHS] eliminate[d] from the definition of "individual" the provisions designating a legal representative as the "individual."' The agency chose '[i]nstead' to 'include in the final rule a separate standard for "personal representatives."'" *Id.* at 1085-86 (quoting 65 Fed. Reg. 82462, 82492 (Dec. 28, 2000)) (internal citations omitted).

Therefore, it is without question that the HIPAA and HITECH fee restrictions apply only when individuals request their own protected health information from a medical record provider, not when attorneys request those records pursuant to a HIPAA authorization.

### B. Plaintiffs' record requests can be properly considered by the Court on this motion to dismiss.

Acton has attached to its motion to dismiss the medical record requests and invoices referenced by Garrett and Kelly in their complaint. These records are properly before the Court and should be considered when resolving the motion to dismiss. "[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed. In this context,

7

'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). "[A] document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document . . . ." *Id.*

Because the record requests are central to Plaintiffs' claims and their authenticity is undisputed, they are properly considered. In *Day*, the Eleventh Circuit found the dealership contract at issue to be central to the plaintiffs' claims because the contract was a necessary element to establishing their causes of action and was "at the very heart" of their claims. *Id.* Likewise, Plaintiffs' entire case is centered on the record requests and the fees charged in response to the requests. The documents are necessary to establish the elements of each of Plaintiffs' claims and therefore go to the heart of the parties' dispute. While Plaintiffs did not attach the documents to the complaint, they are explicitly referenced and are therefore incorporated into the complaint. Further, the authenticity of the documents is undisputed, as the documents are accompanied by an authenticating affidavit and no party has questioned the documents' authenticity. In fact, Plaintiffs are in an excellent position to know the requests' authenticity since they were created by Lloyd & Hogan, one of the firms representing Plaintiffs in this case. Further, the attached invoices exactly match the invoice numbers alleged by Plaintiffs. The Court should therefore consider

these records without converting this motion to dismiss into one for summary judgment.

### C. Plaintiffs' claims must be dismissed because the record requests were made by their attorneys.

Each of the seven medical record requests to Acton referenced in Plaintiffs' complaint were made by Lloyd & Hogan. Each request was made on Lloyd & Hogan letterhead, was signed by legal assistants at the firm, requested that Plaintiffs' medical records be sent to the firm, and attached a HIPAA authorization signed by the applicable Plaintiff. (*See* Ex. A). Under the law described above, it is plain that these requests are precisely the type that does **not** qualify for the fee restrictions pursuant to HIPAA and HITECH. As such, the fees were not in violation of any federal law but instead were explicitly permitted by applicable state law.

Plaintiffs make two arguments against this result, but each argument fails. First, Plaintiffs claim that the requests were in fact made by Plaintiffs themselves, and only contained instructions that the records be forwarded to their attorneys. (doc. 27 at 8-9). This assertion is demonstrably false. As described above, each request was made by a Lloyd & Hogan legal assistant on Lloyd & Hogan letterhead, requesting that medical records be sent to Lloyd & Hogan and attaching a HIPAA authorization from Plaintiffs. This is precisely the scenario confronted by HHS, when it determined that the fee restrictions do not apply when the "third party is initiating a request for PHI on its own behalf, with the individual's HIPAA

9

authorization." *Individuals' Right under HIPAA to Access their Health Information 45 CFR § 164.524*, U.S. Dep't of Health & Human Servs. (last visited October 18, 2017), https://www.hhs.gov/hipaa/for-professionals/privacy/guidance/access/index.html. Further, as stated by Defendant IM Records, expanding the fee restrictions to record requests pursuant only to HIPAA authorizations would lead to **all** third-parties being afforded such restrictions, as requests by opposing attorneys, insurers, and the like are also made pursuant to a HIPAA authorization. This Court should therefore reject Plaintiffs' attempt to distort the meaning of the HIPAA regulations.

Second, Plaintiffs argue that, regardless of the actual content of their record requests, their complaint contains factual allegations that Plaintiffs themselves made the requests, and the Court must accept those allegations as true. (Doc. 27 at 10). The Court should reject such tactics. As described above, the actual record requests and invoices should be considered because they are central to Plaintiffs' claims and their authenticity is undisputed. Further, whether the requests are deemed to be made by Plaintiffs or by their attorneys is a legal conclusion (in fact, the primary legal conclusion precipitating this motion), not a factual one. As such, the Court is required to disregard this conclusory allegation and assess the sufficiency of Plaintiffs' claims.

Because the fees charged by Acton were legal, each of Plaintiffs' claims must

be dismissed, as the claims are only supported by conclusory allegations that are due to be ignored. "In order for a plaintiff to prevail on a claim of unjust enrichment, the plaintiff must show that 'the defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud.'" *Mantiply v. Mantiply*, 951 So. 2d 638, 654 (Ala. 2006) (quoting *Avis Rent A Car Sys., Inc. v. Heilman*, 876 So. 2d 1111, 1123 (Ala. 2003)) (internal quotations and emphasis omitted). Plaintiffs base their entire claim that Acton is improperly holding Plaintiffs' money on their contention that the fees charged were improper, but, as described above, those fees were proper, negating an essential element of the claim.

The negligent and fraudulent misrepresentation claims each require "a misrepresentation of material fact," *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 422 (Ala. 1997), and Plaintiffs contend only that Acton misrepresented that the fees charged were proper. Because the fees were in fact proper, Plaintiffs have not sufficiently alleged a misrepresentation.

To support their breach of implied contract claim, Plaintiffs contend that Acton entered into an implied contract with Plaintiffs to charge fees allowed by law. Even if such a contract existed, Acton did not breach the contract because it charged fees permitted by federal and state law. *See Freeman v. First State Bank*, 401 So. 2d 11, 13 (Ala. 1981) ("[A]n implied contract must contain all of the essential elements

11

of an express contract.").

To prove conversion, Plaintiffs must demonstrate a wrongful taking, detention, interference, assumption of ownership, or misuse of Plaintiffs' property by Acton. *See Ex parte Anderson*, 867 So. 2d 1125, 1129 (Ala. 2003). Plaintiffs base this claim only on the lawful fees charged and collected by Acton, but Acton did not unlawfully interfere with any property interest of Plaintiffs in those funds, so this claim must fail.

Plaintiffs' remaining two counts are for declaratory and injunctive relief. "However, to establish any right to declaratory and injunctive relief, a plaintiff must establish that he has 'prevailed in establishing the violation of the right asserted in his complaint.'" *Fowler v. Goodman Mfg. Co. LP*, No. 2:14-CV-968-RDP, 2014 U.S. Dist. LEXIS 172114, at *24-25 (N.D. Ala. Dec. 12, 2014). Because all other claims are due to be dismissed, these claims must be dismissed as well. *Id.* at *26.

## II. PLAINTIFFS' MISREPRESENTATION CLAIMS SHOULD BE DISMISSED

Alternatively, Plaintiffs' negligent and fraudulent misrepresentation claims are due to be dismissed because Plaintiffs do not plausibly allege (or with the particularity required by Rule 9) that Acton made any representation at all to Plaintiffs, much less any misrepresentation. As stated above, the misrepresentation claims require Plaintiffs to plead and prove "a misrepresentation of material fact" and that Plaintiffs "justifiably relied" on the misrepresentation. *Foremost Ins. Co.*,

693 So. 2d at 422. While Plaintiffs conclusorily allege that Acton misrepresented to Plaintiffs that they were required to pay the fees charged for the production, it is abundantly clear that all communications were between Acton and Plaintiffs' attorneys, not Plaintiffs themselves. Therefore, Plaintiffs cannot plausibly allege that any misrepresentation was made to them by Acton or that they relied on any such misrepresentation.

Further, even the alleged misrepresentation was one of law and is not actionable. "Alabama law on fraud . . . generally requires a misrepresentation of material fact," not one of law. *Randolph Cty. v. Ala. Power Co.*, 784 F.2d 1067, 1070 (11th Cir. 1986). While there are rare exceptions to this rule, they are not applicable when the speaker is not an attorney. *Id.* Plaintiffs have not alleged that any statements by Acton were made by an attorney. Therefore, the misrepresentation claims fail.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Acton respectfully requests that the Court grant its motion and dismiss Plaintiffs' action with prejudice, costs taxed against Plaintiffs. Acton requests such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ C. Steven Ball
C. Steven Ball (asb-5126-a64c)
Glenn E. Ireland (asb-4158-e51g)
Daniel B. Harris (asb-4081-g61a)
Attorneys for Acton Corporation

**OF COUNSEL:**
**Carr Allison**
100 Vestavia Parkway
Birmingham, Alabama 35216
(205)822-2006 *telephone*
(205)822-2057 *facsimile*
sball@carrallison.com
dharris@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2017, the foregoing document was electronically filed with the Clerk of this Court, and served upon the following using the CM/ECF system:

Cameron L Hogan
Lloyd & Hogan PC
2871 Acton Road, Suite 201
Birmingham, AL 35243

Diandra S Debrosse-Zimmermann
Zarzaur Mujumdar & Debrosse
2332 2nd Avenue North
Birmingham, AL 35203

Michael R Pennington
Bradley Arant Boult Cummings LLP
1819 5th Avenue North
Birmingham, AL 35283

Kip T Bollin
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114

Robert Harris Fowlkes
Maynard Cooper & Gale PC
1901 Sixth Avenue North, Suite 2400
Birmingham, AL 35203

I additionally certify that on November 20, 2017, I served the foregoing document upon the following by placing the document in first-class mail, postage prepaid:

Pro Impact Physical Therapy & Sports Performance, LLC
c/o Michael Ellis, Registered Agent
7017 Wynlakes Blvd.
Montgomery, AL 36117

                                            /s/ C. Steven Ball
                                            OF COUNSEL