# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JORDAN BOCAGE, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:17-cv-1201-RDP** |
| **ACTON CORPORATION, et al.,** ) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF BOCAGE'S RESPONSE TO IM RECORDS, INC.'S MOTION TO REFER MS. BOCAGE'S CLAIM TO ARBITRATION AND DISMISS OR STAY PENDING ARBITRATION AND BRIEF IN SUPPORT

Plaintiff Jordan Bocage (hereinafter "Bocage"), along with the other Plaintiffs, hereby respectfully request that this Honorable Court deny IM Records, Inc.'s (hereinafter "IM Records") Motion to Refer Ms. Bocage's Claim to Arbitration and Dismiss or Stay Pending Arbitration and Brief in Support (hereinafter "Motion"). The basis for IM Records' Motion is an invalid and unenforceable arbitration clause. Furthermore, even assuming *arguendo* that said arbitration provision is valid, IM Records has waived enforcement by significantly invoking the litigation process.

For these reasons, as set forth more completely in the below memorandum of law, Plaintiffs respectfully request that this Honorable Court summarily dismiss IM Records' Motion.

I.   **BACKGROUND**

Plaintiffs filed their putative class action against IM Records and others on July 9, 2017. On August 17, 2017, Plaintiffs filed their proof of service of summons upon IM Records (Doc. # 4).

On October 11, 2017, IM Records filed their Motion to Dismiss Or, In the Alternative, To Strike the Class Definition (Doc. # 13), and a supporting brief (Doc. # 14). At the time of the filing, IM Records was privy to the one-page invoice which is the basis for its Motion seeking arbitration. As an exhibit to its Motion to Dismiss, IM Records also attached a true and correct copy of the invoice at issue in this Motion (Doc. # 13-1).

IM Records filed its Motion to Temporarily Stay Discovery and the Rule 26(f) Requirements of the Federal and Local Rules on October 24, 2017 (Doc. # 20).

In response to Plaintiffs' Response in opposition, IM Records then filed IM Records, Inc.'s Reply in Further Support of Its Motion to Dismiss and Alternative Motion to Strike the Class Definition on November 8, 2017 (Doc. # 33).

On December 14, 2017, after utilizing this Court's time, and after more than four months of litigating this matter, Defendant IM Records filed said Motion seeking to compel arbitration on the very day that all parties presented oral argument based upon Defendant IM Records' and Defendant Acton Corporation's motions to dismiss.

## II. LAW & ARGUMENT

### a. THE ARBITRATION PROVISION IS NOT ENFORCEABLE AS IT LACKS CONSIDERATION

"The federal policy favoring arbitration is not … the same as applying a presumption of arbitrability. We only apply the presumption of arbitrability to the interpretation of contracts if we have already determined that, under state law, the parties formed a valid agreement to arbitrate." *Dasher v. RBC Bank (USA)*, 745 F.3d 1111, 1116 n.5 (11th Cir. 2014); *citing Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 300, 130 S. Ct. 2847, 2857-2857-58[1] (2010).

The FAA requires courts to "place arbitration agreements on an equal footing with other contracts and enforce them according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339, 131 S. Ct. 1740, 1745-46

---

[1] "[C]ourts should order arbitration of a dispute only where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* . . . its enforceability or applicability to the dispute is in issue. . . . That . . . some of our cases applying a presumption of arbitrability to certain disputes do not discuss each of these requirements merely reflects the fact that in those cases some of the requirements were so obviously satisfied that no discussion was needed."

(2011). (citations omitted). Section 2 of the FAA "permits agreements to arbitrate to be invalidated by '*generally* applicable contract defenses.'" *Concepcion, supra*, 563 U.S. at 339 , 131 S. Ct. at 1746, 179 L. Ed. 2d at 751 (emphasis added) (quoting *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 1656, 134 L. Ed. 2d 902, 909 (1996)).

Accordingly, Courts generally should apply state law principles governing formation of contracts. *Chambers v. Groome Transp. of Ala.*, 41 F. Supp. 3d 1327, 1342-43 (M.D. Ala. 2014). Under Alabama law, IM Records, as the party advocating arbitration, has the burden of showing the existence of a contract. *Owens v. Coosa Valley Health Care, Inc.*, 890 So. 2d 983, 986 (Ala. 2004).

The presumption in favor of arbitration in this matter is not applicable because the arbitration provision is not enforceable based on black letter Alabama contractual principles, and the specific facts of this case.

"The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." *Merchants Bank v. Head*, 161 So. 3d 1151, 1155, 2014 Ala. LEXIS 78, 2014 WL 2242474, at *4 (Ala. May [*1343] 30, 2014) (citation and internal quotation marks omitted).

As noted repeatedly by the Alabama Supreme Court:

> ""A test of good consideration for a contract is whether the promisee *at the instance of the promisor* has done, forborne or undertaken to do anything real, or whether he has suffered any detriment, or whether *in return for the promise* he has done something he was not bound to do, or has promised to do some act or to abstain from doing something."
>
> "'*Roberts v. Lindsey*, 242 Ala. 522, 525, 7 So. 2d 82, 84 (1942); *Russell v. Russell*, 270 Ala. 662, 668, 120 So. 2d 733, 738 (1960). "[T]o constitute consideration for a promise, there must have been an act, a forbearance, a detriment, or a destruction of a legal right, or a return promise, *bargained for and given in exchange* for the promise." *Smoyer v. Birmingham Area Chamber of Commerce*, 517 So. 2d 585, 587 (Ala. 1987).'"
>
> *Southland Bank v. A & A Drywall Supply Co.*, No. 1060204, 2008 Ala. LEXIS 261, at *17-18 (Dec. 12, 2008).

Pursuant to federal law, Defendant IM Records had a pre-existing duty to provide medical requests upon the request of Plaintiff Bocage, subject to fees authorized and limited by HIPAA, and purportedly authorized by 12-21-6.1 of the Alabama Code, 1975. As Plaintiff Bocage had a pre-existing right to the records for a cost-based fee, Plaintiff Bocage did not receive something from the alleged agreement to arbitrate that Plaintiff was not already entitled to receive. As such, the arbitration provision is illusory, and there is no consideration that Defendant IM Records can establish to support enforcement of the purported arbitration provision.

For these reasons, Plaintiffs respectfully request that Defendant IM Records' Motion be summarily denied.

### b. THE ARBITRATION PROVISION IS UNCONSCIONABLE AND CONTRARY TO LAW

Section 7-2-302 of the Alabama Code, 1975 provides in relevant part:

> (1) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

In determining whether an arbitration clause is unconscionable, Alabama courts utilize four factors: (1) whether there is an absence of meaningful choice on one party's part; (2) whether the contractual terms are unreasonably favorable to one party; (3) whether there was unequal bargaining power among the parties; and (4) whether there were oppressive, one-sided, or unfair terms in the contract. *Rollins, Inc. v. Foster*, 991 F. Supp. 1426, 1434 (M.D.Ala. 1998); *Knepp v. Credit Acceptance Corp. (In re Knepp)*, 229 B.R. 821, 837 (Bankr. N.D. Ala. 1999). As noted by the Court in *Knepp*, this Court is limited to determining whether the arbitration clause is unconscionable. *Id.* at 1435.

There was no meaningful choice on Plaintiff's part, through her attorney. In effect, the purported arbitration provision required that Plaintiff object to the arbitration provision's existence prior to receiving medical records to which she was entitled. The choice then became – accept the arbitration provision or have said records be subject to an inevitable delay of unknown duration.

6

Secondly, said terms are only favorable to IM Records. Plaintiff Bocage was *entitled* to her medical records for a cost-based fee by both federal and state statutes. Said provision only benefits IM Records and is unreasonably favorable to IM Records.

Finally, the arbitration provision is oppressive, one-sided, and unfair. Plaintiff Bocage's case is based on IM Records' violation of Alabama state law by fraudulently representing that they are entitled to search and retrieval fees, when they are prohibited from retrieving said fees by federal statute. Similarly, IM Records has violated Alabama state law by fraudulently representing that Plaintiff Bocage is to be bound by a purported arbitration provision, or, at best, that Plaintiff Bocage's right to retrieve her medical records can be delayed by objecting to said arbitration provision. It is clear that the purported arbitration provision's existence is as an additional barrier to Plaintiff's ability to retrieve her own medical records, to which she is clearly legally entitled under federal and state law. As such, the provision is oppressive, one-sided, and unfair, and enforcement of the provision would be unconscionable.

For these reasons, Plaintiffs respectfully request that Defendant IM Records' Motion be summarily denied.

### III. IM RECORDS WAIVED ENFORCEMENT OF ANY PURPORTED ARBITRATION AGREEMENT

IM Records has waived any purported right to arbitration by its conduct in this litigation.

As provided by the Eleventh Circuit:

> "[D]espite the strong policy in favor of arbitration, a party may, by its conduct, waive its right to arbitration," *S & H Contractors, Inc. v. A.J. Taft Coal Co.*, 906 F.2d 1507, 1514 (11th Cir. 1990) (citation omitted), and we apply a two-part test to determine that issue. "First, we decide if, under the totality of the circumstances, the party has acted inconsistently with the arbitration right." *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315-16 (11th Cir. 2002)(internal quotation marks omitted). A party acts inconsistently with the arbitration right when the party "substantially invokes the litigation machinery prior to demanding arbitration." *S & H Contractors*, 906 F.2d at 1514 (internal quotation marks and alterations omitted). "[S]econd, we look to see whether, by [acting inconsistently with the arbitration right], that party has in some way prejudiced the other party." *Ivax Corp.*, 286 F.3d at 1316(internal quotation marks omitted). To determine whether the other party has been prejudiced, "we may consider the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." *S & H Contractors*, 906 F.2d at 1514.

*Garcia v. Wachovia Corp.*, 699 F.3d 1273, 1277 (11th Cir. 2012).

In the event that this Honorable court determines that IM Records has a right to arbitration, IM Records has waived said right by substantially invoking the litigation machinery prior to demanding arbitration.

IM Records substantially invoked the litigation process for five (5) months by (1) filing a Motion to Dismiss and Supporting Brief; (2) filing a rebuttal brief in support of their Motion to Dismiss; (3) filing a Motion for relief from the Rule 26

requirements; and (4) by appearing before this Honorable Court on December 14, 2017, and actively arguing the merits of IM Records' Motion to Dismiss. IM Records did not mention the word arbitration to this Court or to opposing counsel until December 14, 2017, although this case was filed in July of 2017. As such, IM Records has acted inconsistently with the purported arbitration right.

Plaintiff Bocage has been prejudiced. As noted above and in the record, Plaintiff Bocage has been actively engaged in this litigation, through counsel, and has participated extensively in motion practice and in contesting Defendant IM Records' Motion to Dismiss. For five (5) months the parties have actively participated in litigation, and Plaintiff Bocage would be prejudiced by being forced to participate in arbitration at this late stage.

For these reasons, Plaintiffs respectfully request that Defendant IM Records' Motion be summarily denied.

## IV.  **CONCLUSION**

Defendant IM Records seeks to enforce an arbitration provision that was not procured with consideration, that is unconscionable, and that goes to the core of Plaintiff Bocage's Complaint. Even assuming that said arbitration provision is enforceable, Defendant IM Records has waived the ability to enforce said provision due Defendant's own conduct in this litigation. For all of these reasons,

Plaintiff Bocage respectfully requests that this Honorable Court deny Defendant IM Records attempt to compel arbitration.

                              Respectfully Submitted,

                              */s/ Diandra S. Debrosse Zimmermann*
                              DIANDRA S. DEBROSSE- ZIMMERMANN
                              *Attorney for Plaintiffs*

OF COUNSEL:

Diandra S. Debrosse Zimmermann
ZARZAUR MUJUMDAR & DEBROSSE – TRIAL LAWYERS
2332 2nd Avenue North Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
E: fuli@zarzaur.com

                              */s/ Cameron L. Hogan*
                              CAMERON L. HOGAN
                              *Attorney for Plaintiffs*

OF COUNSEL:

Cameron L. Hogan
LLOYD & HOGAN
2871 Acton Road, Suite 201
Birmingham, Alabama 35243
T: 205-969-6235
F: 205-969-6239
E: clhogan@lloydhoganlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of January, 2018, I have electronically filed the foregoing through the CM/ECF electronic filing system, which will automatically provide notice to all attorneys of record.

                                          */s/ Cameron L. Hogan*
                                          OF COUNSEL